UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS PEPE,

    Plaintiff,

v.                                                                       Case No. 3:25cv739-TKW-HTC

STEVEN PEPE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Thomas Pepe, proceeding *pro se*, is no stranger to this Court. Over the past month and a half, Pepe has filed fourteen actions in this Court against various individuals (including judges) and almost all those actions relate to state court proceedings that fall within the jurisdiction of the Middle District of Florida. Indeed, Pepe has already been warned that "his ability to file cases in this Court may be restricted if he continues filing multiple, meritless lawsuits against anyone and everyone connected to his state court proceedings." *Pepe v. Pivachek*, N.D. Fla. Case No. 3:25cv667-TKW-ZCB, Doc. 6 at 1 n.1. Nonetheless, this is another case, *albeit* against his brother, also arising out of those state court proceedings. Pepe sues Steven Pepe and seeks at least $75 million for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act and Florida law. Doc. 1. After reviewing the complaint, the undersigned concludes venue is not proper in this district.

However, rather than transferring the case, it should be DISMISSED under 28 U.S.C. § 1406 because Pepe's claims are frivolous. In other words, a transfer would not further "the interest of justice"; it would only burden a different court with Pepe's suit.

## I.  Background

In his complaint, Pepe alleges Steven was appointed executor of their father Eugene's estate in Lee County (Case No. 2021 CP 1212) and subsequently misappropriated assets belonging to the estate. Pepe claims Steven deprived him of his inheritance and engaged in a pattern of racketeering activity by "falsifying probate accountings and filings"; "conspiring with attorneys and others to file false affidavits and witness statements"; "diverting approximately $6 million from retirements accounts belonging to the estate"; "misappropriating rental income and other estate assets"; "coordinating with third parties to send threatening and harassing communications"; and falsely accusing Pepe of "abuse and extortion" to "obstruct justice and shield his actions."

## II.  Discussion

A civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the

action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, Pepe does not allege Steven resides in this district. And while Pepe asserts a substantial part of the events or omissions giving rise to his claims occurred in this district (Doc. 1 at 2), none of his allegations suggest any of Steven's allegedly unlawful conduct took place here. Instead, his allegations indicate the events giving rise to his claims occurred in the probate proceedings in Lee County, which is in the Middle District of Florida. *See* Doc. 1 at 2 (alleging Steven falsified probate accountings and filings, filed false affidavits and witness statements, and misappropriated estate assets). In addition, the fact Pepe resides in this district is not a sufficient basis to conclude venue is proper here. *See Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (rejecting argument that venue is proper in a district simply because that was where the plaintiff resided when the wrongful conduct occurred); *Riley v. Donatelli*, 2017 WL 3316479, at *9 (M.D. Fla. Aug. 3, 2017) ("The mere fact that Riley was residing in Florida when she felt the effects of the allegedly wrongful conduct occurring in New York is insufficient to establish Florida as a proper venue."). Thus, venue is not proper in the Northern District.

When a case is filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be dismissed rather than transferred because Pepe's claims are frivolous.

Pepe's complaint attempts to bring claims under the RICO Act. To state a civil RICO claim, a plaintiff "must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). Pepe's conclusory allegations fail to establish these six elements.

First, Pepe does not allege facts indicating Steven operated or managed an enterprise. Pepe vaguely alleges: (1) Steven conspired with attorneys and other individuals to file false affidavits and witness statements and coordinated with third parties to send threatening and harassing communications; and (2) the "enterprise" Steven formed with these individuals "operated with the common purpose of unlawfully acquiring and controlling the assets of the Estate of Eugene Pepe through fraud, deception, and intimidation." Doc. 1 at 2-3.

These allegations are conclusory and insufficient to establish the existence of an enterprise; Pepe pleads no facts showing Steven and those other individuals

collectively agreed to misappropriate the assets of the estate through a particular criminal course of conduct. *See Cisneros*, 972 F.3d at 1211 ("where the participants' ultimate purpose is to make money for themselves, a RICO plaintiff must plausibly allege that the participants shared the purpose of enriching themselves through a particular criminal course of conduct"); *id.* at 1211-12 (concluding plaintiff "failed to plausibly allege a RICO enterprise" because she "alleged no facts that plausibly support the inference that the defendants were collectively trying to make money in pet sales by fraud").

Second, Pepe's allegations come nowhere near establishing a pattern of racketeering activity. With respect to predicate acts, Pepe claims Steven committed: (1) mail fraud by using the postal service to file false documents; (2) wire fraud by using electronic means to transmit fraudulent information; and (3) obstruction of justice by impeding the probate process through false allegations. Doc. 1 at 3.

However, obstruction of justice cannot qualify as a predicate act because 18 U.S.C. § 1503 does not apply to state court proceedings like the probate case in Lee County. *See Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co., LLC*, 202 F. Supp. 2d 1339, 1351 (S.D. Fla. 2002) ("[T]he court observes that federal obstruction and intimidation claims are only applicable to federal proceedings, not state court proceedings."). In addition, Pepe's references to mail and wire fraud are devoid of any detail. *See Cisneros*, 972 F.3d at 1215-16

(explaining plaintiffs "must put forward enough facts with respect to each predicate act to make it independently indictable as a crime" and plaintiffs alleging mail and wire fraud are "required to plead '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff; and (4) what the defendants gained by the alleged fraud'") (citation omitted). Furthermore, courts have held litigation activities like those alleged by Pepe cannot constitute the predicate acts needed to sustain a RICO claim.[1] *See United States v. Pendergraft*, 297 F.3d 1198, 1208 (11th Cir. 2002) (noting "[a] number of courts have considered whether serving litigation documents by mail can constitute mail fraud, and all have rejected that possibility" and "prosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system"); *Saluzzo v. Greenbaum*, 2011 WL 13234286, at *3-5 (N.D.N.Y Feb. 4, 2011) (dismissing plaintiff's RICO claims against defendants based on fraudulent activities in state court litigation and stating that "even if true," allegations of "perjury," "false statements," or "knowingly [] false representations" fail to "amount to 'racketeering activity' and cannot form the basis of a RICO violation").

---

[1] Pepe's allegations also fail to show a RICO enterprise caused injury to his business or property. Pepe identifies himself as a beneficiary of the estate, but he never specifies how Steven's conduct impacted his inheritance. And "[r]ecovery based on personal injury, including claims of emotional and mental distress, is not cognizable under RICO." *Rock v. BAE Sys., Inc.*, 556 F. App'x 869, 872 (11th Cir. 2014) (citations omitted).

Case No. 3:25cv739-TKW-HTC

In sum, Pepe's RICO claims are conclusory and frivolous. *See Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (holding "the district court did not err in *sua sponte* dismissing [plaintiff's] claims as frivolous" because he failed "to establish a connection between the factual allegations in his complaint and any of the necessary elements of those claims"). While Pepe may be displeased with how Steven administered their father's estate, that displeasure does not equate to a RICO violation. Thus, although venue is not proper in this district, the undersigned recommends this action be DISMISSED rather than transferred.[2] A transfer would not serve the interest of justice. *See* 28 U.S.C. § 1406(a).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1406(a).

2. That all pending motions be TERMINATED as moot.

3. That the clerk close the file.

---

[2] Pepe also brings state law claims for fraud, civil conspiracy, intentional infliction of emotional distress, theft, and conversion. However, like the RICO claims, these claims are conclusory and devoid of factual support. *See e.g.* Doc. 1 at 4 (civil conspiracy claim based on allegation "that Steven "and co-conspirators agreed to commit unlawful acts causing harm to Plaintiff, with overt acts furthering the conspiracy"). Regardless, because Pepe's federal claims are frivolous and subject to dismissal, this Court would also dismiss the state law claims. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (encouraging "district courts to dismiss any remaining state claims when … the federal claims have been dismissed prior to trial") (citation omitted).

Case No. 3:25cv739-TKW-HTC

At Pensacola, Florida, this 16th day of June, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.

Case No. 3:25cv739-TKW-HTC